# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | | |
|---|---|---|
| AMBER LAMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No. 5:16-cv-811** |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| SUNRISE CREDIT SERVICES INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

## I.    INTRODUCTION

1.    This action is brought by Plaintiff Amber Lamb ("Plaintiff") for actual damages, statutory damages, and civil penalties against the Defendant Sunrise Credit Services Inc. ("Defendant"), for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA") and the North Carolina Collection Agency Act, N.C.Gen.Stat. §§ 58-70-1 *et seq.* ("NCCAA"), which prohibit debt collectors and collection agencies from engaging in abusive, deceptive, and unfair practices.

## II.    JURISDICTION

2.    Venue is proper in this district as all relevant events took place here.

3.    Jurisdiction for the District Court for the Eastern District of North Carolina arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Jurisdiction over state law claims arises under 28 U.S.C. § 1367.

## III. PARTIES

4.     Plaintiff is an individual who resides in Clayton, North Carolina.

5.     Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and NCCAA, N.C.G.S. § 58-70-90(2).

6.     Defendant is a corporation and collection agency located in Farmingdale, New York.

7.     Defendant is engaged in the collection of debts from consumers using the mail and telephone.

8.     Defendant regularly attempts to collect consumer debts alleged to be due to another.

9.     Defendant engages, directly or indirectly, in debt collection from consumers.

10.     Defendant holds a collection agency license from the North Carolina Department of Insurance, as required by N.C.Gen.Stat. § 58-70-1.

11.     Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

12.     Defendant was and is a "collection agency" as defined by the NCCAA, N.C.G.S. §§ 58-70-15(a) and 58-70-90(1).

## IV. FACTUAL ALLEGATIONS

### A.     The Debt

13.     Until late-April 2015, Plaintiff used the services of Verizon Wireless for cellular telephone service. Plaintiff did not use the service provided by Verizon after May

2, 2015.

14.     Plaintiff was unable to maintain her payments for her telephone service, resulting in a balance allegedly owed ("the Debt").

15.     The Debt was incurred for personal, family, or household purposes, *i.e.*, cellular telephone service.

16.     On or about April 13, 2015, Verizon Wireless sent Plaintiff a bill at her Clayton, North Carolina address on Sandy Ridge Drive West.

17.     On May 22, 2015, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code ("the Petition") and listed the Debt on Schedule F. *See* Voluntary Petition, Case # 15-02901-5-SWH, Bankr. E.D.N.C., Docket 1, p. 41-42. Plaintiff also listed the Verizon contract on Schedule G and stated that her intention was to reject the contract. *Id.*, p. 43.

18.     On the Petition, Plaintiff's listed her address – the same Clayton, North Carolina address on Sandy Ridge Drive West to which Verizon Wireless had sent Plaintiff bills.

19.     Upon the filing of the Petition, an automatic stay was imposed on any act to collect, assess, or recover a claim against Plaintiff that arose before the filing of the Petition. The Debt is "a claim" as used in this paragraph. *See* 11 U.S.C. § 362(a).

20.     Upon the filing of the Petition, Verizon Wireless, Defendant and any other creditor or collector was prohibited from attempting to collect the Debt from Plaintiff.

21.     On May 28, 2015, the Bankruptcy Noticing Center sent Verizon Wireless actual notification of Plaintiff's Petition via U.S. first class mail and electronic transmission.

*See* Case # 15-02901-5-SWH, Bankr. E.D.N.C., Docket 9, p. 1-2.

22.    Defendant obtained the Debt after it entered default.

23.    Defendant knew or should have known that it was prohibited from attempting to collect the Debt from Plaintiff.

24.    By correspondence dated November 13, 2015, Defendant arranged for the preparation and transmittal of a letter to the Plaintiff at Plaintiff's residence in an attempt to collect the Debt.

25.    Defendant's November 13, 2015, letter was sent to the same Clayton, North Carolina address on Sandy Ridge Drive West to which Verizon Wireless had sent Plaintiff bills.

26.    Defendant's November 13, 2015, letter stated that the Debt had a "Balance Due" and that Plaintiff owed the balance to Verizon Wireless.

27.    Defendant's November 13, 2015, letter referenced having made "many attempts" asking Plaintiff "to settle this just debt."

28.    Defendant's November 13, 2015, contained:

Will you settle this account without further delay? Will you pay what you owe? Would you rather avoid our continued collection efforts? Give us a call at 1-888-707-1422 and speak with one of our knowledgeable agents about how we can help you resolve this debt.

29.    Defendant lacked legal authority to attempt to collect the Debt after the Petition was filed.

30.    Defendant's statement that the Debt had a "balance due" was a false statement.

31.    Defendant's statement that the Debt was a "balance that you owe Verizon

Wireless" was a false statement.

32.     Even though Defendant lacked legal authority to attempt to collect the Debt after the Petition was filed, Defendant:

        A.     attempted to collect the Debt;

        B.     demanded payment; and

        C.     attempted to lure Plaintiff into paying online.

33.     Defendant made additional attempts to collect the Debt from Plaintiff by mail and, upon information and belief, telephone.

34.     Plaintiff believed that her creditors, including any collectors attempting to collect on behalf of her creditors, would abide by federal law and that they would allow her to experience the peace of mind provided by the automatic stay in the same way as other bankruptcy debtors. Unfortunately, Defendant prevented her from experiencing that peace of mind.

35.     By successfully contacting Plaintiff and attempting to collect the Debt, even though it lacked the legal authority to do so and thus was prohibited from doing so, Defendant caused Plaintiff to suffer anxiety, fear, privacy loss, emotional distress, and waste of time.

**B.     The Fair Debt Collection Practices Act**

36.     The FDCPA is a strict liability statute. *National Financial Servs.*, 98 F.3d at 139 ("evidence of actual deception is unnecessary"); *Davis v. Trans Union, LLC*, 526 F.Supp.2d 577, 586 (W.D.N.C. 2007). "[Section] 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period." *Randolph v. IMBS, Inc.*, 368 F.3d 726,

730 (7th Cir. 2004).

37.     "In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted 'to eliminate abusive debt collection practices' which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' 15 U.S.C. § 1692(a), (e)." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991).

38.     "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692e. Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct, including:*** (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

39.     Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983).

40.     "A demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of th automatic stay [] or the discharge injunction [], it is not. A debt collector's false

statement is presumptively wrongful under the [FDCPA] [], even if the speaker is ignorant of the truth; but a debt collector that exercises care to avoid making false statements has a defense under § 1692k(c)." *Randolph*, 368 F.3d at 728 (internal citations omitted).

### C. The North Carolina Collection Agency Act

41. The NCCAA shares similar purposes and provisions with the FDCPA, including the prohibition of false, deceptive, and misleading representations, *cf* N.C.Gen.Stat. § 58-70-110 and 15 U.S.C. § 1692e, and unfair practices. *Cf.* N.C.Gen.Stat. § 58-70-115 and 15 U.S.C. § 1692f. As such, the FDCPA standards established by the Fourth Circuit may be used as a model for analyzing collection agency communications under the NCCAA. *See DIRECTV, Inc. v. Cephas*, 294 F. Supp. 2d 760, 763 (M.D.N.C. 2003). *See ¶¶* 31-35, *supra*.

42. North Carolina "hold[s] debt collection agencies regulated under Chapter 58 to a higher standard ... than the standard to which other entities engaged in debt collection are held under" other state statutes. *Simmons v. Kross Lieberman & Stone, Inc.*, 746 S.E.2d 311, 316 (N.C.Ct.App. 2013).

43. By attempting to collect the Debt from Plaintiff without the legal authority to do so and by demanding payment with knowledge of Plaintiff's bankruptcy case, Defendant engaged in collection activity expressly prohibited by law, and falsely represented the character of the Debt and its status in any legal proceeding.

44. Plaintiff demands a jury trial for all claims alleged herein.

### V. COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff repeats, realleges, and incorporates by reference the foregoing

paragraphs.

46.     Defendant's violations of the FDCPA include, but are not limited to:

   A.     using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10);

   B.     falsely representing the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2)(A); and

   C.     threatening to take action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5).

41.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

**VI.     COUNT TWO – NORTH CAROLINA COLLECTION AGENCY ACT**

42.     Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

43.     Defendant's violations of the NCCAA include, but are not limited to:

   A.     collect[ing] or attempt[ing] to collect a debt alleged due and owing from a consumer by means of any unfair threat, coercion or attempt to coerce, in violation of N.C.G.S. § 58-70-95;

   B.     collecting or attempting to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation, in violation of N.C.G.S. § 58-70-110; and

   D.     falsely representing the character, extent or amount of a debt against a consumer or of its status in any legal proceeding, in violation of N.C.G.S. § 58-70-110(4).

44.     As a result of Defendant's violations of the NCCAA, Plaintiff is entitled to an award of actual damages, civil penalties, costs, and reasonable attorney fees.

## VII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff Amber Lamb requests that judgment be entered in her favor

against Defendant Sunrise Credit Services Inc. for:

A.   Actual damages to be determined by a jury at trial;

B.   Statutory damages in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2);

C.   Civil penalties in the amount of $500 - $4,000 for each violation, pursuant to N.C.G.S. § 58-70-130(b);

D.   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and N.C.G.S. § 75-16.1; and

E.   For such other relief as the Court may find to be just and proper.


Dated: September 19, 2016            /s/ Craig M. Shapiro
                                     Craig M. Shapiro
                                     Attorney for Plaintiff
                                     Law Offices of John T. Orcutt, P.C.
                                     6616 Six Forks Road, Suite 203
                                     Raleigh, North Carolina 27615
                                     Telephone: (919) 847-9750
                                     Fax: (919) 847-3439
                                     Email: cshapiro@johnorcutt.com
                                     State Bar No. 48887